**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Travis AUSTIN, Defendant-Appellant.**

**No. 75–1406.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 1, 1975.

Decided Feb. 10, 1976.

Rehearing and Rehearing En Banc Denied April 27, 1976.

---

560

Joe A. Dycus, Memphis, Tenn., for defendant-appellant.

Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

Appellant Austin was convicted in the district court (a) for aiding and abetting in offering a bribe in violation of 18 U.S.C. Secs. 201(f) and 2,[1] (b) for accepting a bribe in violation of 18 U.S.C. Sec. 201(g),[2] and (c) for conspiracy to violate 18 U.S.C. Secs. 201(f) and 201(g). The court sentenced appellant on counts one[3]

1. 18 U.S.C. Sec. 201(f) provides:

(f) Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official; . . .

2. 18 U.S.C. Sec. 201(g) provides:

(g) Whoever, being a public official, former public official, or person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly asks, demands, exacts, solicits, seeks, accepts, receives, or agrees to receive anything of value for himself for or because of any official act performed or to be performed by him; . . .

3. Count one avers:

On or about September 30, 1968, in the Republic of the Philippines and divers other places,

— AMERICAN MOTORS CORPORATION —
AND
———— FERMIN B. OPINA, ————

did, directly and indirectly, offer and promise to give a thing of value, to-wit: a 1969 Ambassador automobile, to Charles Travis Austin, an officer and employee of the United States, that is, a Recreation Division Offi-

and three,[4] the substantive counts, to two years on each count, and to four years on count four,[5] the conspiracy count. All sentences were to run con-

cer, United States Navy Station, Sangley Point, Republic of the Philippines, for and because of official acts to be performed by the said Charles Travis Austin, otherwise than as provided by law for the proper discharge of his official duties as such a public official, and

—— CHARLES TRAVIS AUSTIN ——

whose last known residence in the United States at or about September 30, 1968, was in the Western District of Tennessee, did induce, procure and cause American Motors Corporation to offer and promise him a thing of value, to-wit: a 1969 Ambassador automobile; in violation of Title 18, United States Code, Section 201(f), and Title 18, United States Code, Section 2.

(nm $10,000 or nm 2 yrs., or both)

4. Count three avers:

On or about the 13th day of March, 1969, in the Western District of Tennessee, Western Division,

—— CHARLES TRAVIS AUSTIN ——

being an officer and employee of the United States, that is, a Recreation Division Officer, United States Navy Station, Sangley Point, Republic of the Philippines, unlawfully did, directly and indirectly, receive a thing of value for himself, to-wit: an automobile from the American Motors Corporation and its agents for and because of official acts performed and to be performed by Charles Travis Austin, otherwise than as provided by law for the proper discharge of his official duties as such Recreation Division Officer, to-wit: the purchasing of eighteen (18) automobiles from American Motors Corporation, said purchases being matters pending before the said Charles Travis Austin in his official capacity and place of trust; in violation of Title 18, United States Code, Section 201(g).

(nm $10,000 or nm 2 yrs., or both)

5. Count four avers:

From on or about the 30th day of September, 1968, and continuing up to and including the 15th day of June, 1969, in the Western District of Tennessee, Western Division, and divers other places,

—AMERICAN MOTORS CORPORATION,—
—— CHARLES TRAVIS AUSTIN, ——
——— JOHN L. HOUTALING, ———
———— JOHN E. HOWELL, ————
———— FERMIN B. OPINA, ————
AND
————— A. J. DOHERTY, —————

hereinafter referred to as defendants, or specifically by name, wilfully and knowingly did conspire with each other, and with other persons whose names to the Grand Jury are unknown, to commit offenses against the United States, to-wit: to violate Title 18, United States Code, Section 201(f), and Title 18, United States Code, Section 201(g), by giving, offering and promising a thing of value to Charles Travis Austin, an official of the United States, for and because of official acts performed by him contrary to law, and by Charles Travis Austin asking, soliciting, seeking, accepting, receiving and agreeing to receive a thing of value for himself because of an official act performed by him in a manner contrary to law.

The objects of the conspiracy were twofold. By undertaking to offer and to give a thing of value to Charles Travis Austin, it was intended to procure sales of automobiles to the United States both to make a profit and to establish an ongoing relationship with Charles Travis Austin whose responsibilities included purchasing automobiles for and on behalf of the United States. Charles Travis Austin intended to profit personally from such official acts he had performed and would be expected to perform in the future.

At the times hereinafter set out, the following, in addition to others, are overt acts engaged in to further said conspiracy:

1. On or about September 30, 1968, Fermin B. Opina mailed an inter-office memorandum from Sangley Point, Republic of the Philippines, to John L. Houtaling in Detroit, Michigan, noting a copy for A. J. Doherty.

2. On October 4, 1968, John L. Houtaling responded, in writing, to the inter-office memorandum listed in Overt Act No. 1.

3. On or about October 7, 1968, John L. Houtaling sent a telegram to Fermin B. Opina.

4. On November 13, 1968, a written communication was sent from John E. Howell to John L. Houtaling.

5. On or about November 19, 1968, A. J. Doherty sent a written communication to C. W. Grinstead and John L. Houtaling.

6. John L. Houtaling sent a written communication to John E. Howell on November 26, 1968, noting a copy for A. J. Doherty.

7. On or about January 3, 1969, A. J. Doherty sent a written communication to C. W. Grinstead and John L. Houtaling.

8. On or about May 22, 1969, A. J. Doherty sent a written communication to M. A. Van Merkeneign, C. W. Grinstead and C. A. Watson.

9. On or about June 4, 1969, John L. Houtaling sent a written communication to Don Bennett.

10. On or about March 13, 1969, a 1969 Ambassador automobile was delivered to

currently and appellant was also fined $5,440.00. Count two, the only other count of the indictment, charged other parties in connection with the alleged bribe and did not involve appellant.

Appellant, Charles Travis Austin, was the Civilian Recreation Officer of the Navy Exchange at Sangley Point, Philippine Islands. The Recreation Division in which appellant was an official supplied rental automobiles to various United States Navy personnel. As the result of normal replacement of these automobiles, the Recreation Division in 1968 sought to purchase a number of 1969 model cars. Bids were solicited from major American automobile manufacturers. American Motors Corporation submitted the lowest bid.

The indictment alleged and the proof established that appellant, in connection with the transaction, solicited and accepted for himself a 1969 automobile to be delivered in the United States in exchange for his agreement to buy some 18 automobiles from AMC for the Recreation Division. The government's theory, supported by substantial evidence, was that Austin suggested as the modus operandi for effectuating the transaction, that AMC's bid of $2200.00 per car be increased to $2410.00 per car and that he be furnished with a personal automobile for the difference in price paid by the Recreation Division. The bid of $2410.00 was still the lowest of all bids received. Appellant, although admitting that he received the car, testified that he purchased it from a Filipino, paying for it in cash. He further testified that his receipt for the cash payment had been lost.

■ Two principal issues are presented on appeal. Appellant first contends that he was denied his Fifth Amendment right against double punishment for the same offense when he received sentences both on the two substantive counts and on the conspiracy count.

The rule is settled that a defendant generally does not receive double or multiple punishment in violation of the double jeopardy prohibition when he is convicted and sentenced for a substantive offense and also for a conspiracy to commit the same offense. *United States v. Rabinowich*, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211 (1915); *Pereira v. United States*, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *Pinkerton v. United States*, 328 U.S. 640, 643–44, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Bradley*, 421 F.2d 924, 927 (6th Cir. 1970). In such situations the courts have consistently held that there are two offenses, and hence no Fifth Amendment violation, if conviction of one offense requires proof of a fact not required for conviction of the other. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Engle*, 458 F.2d 1021, 1026 (6th Cir.), cert. denied, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972).

Yet, it is clear that the Fifth Amendment comes into play to prohibit double punishments where the substantive and conspiracy counts of an indictment charge essentially the same offense. *Pereira v. United States, supra,* and see *Blockburger v. United States, supra,* and *United States v. Engle, supra.* The test to be applied to determine whether the offenses are separate or essentially congruent is the "same evidence" test. As the Supreme Court has held, whenever it appears that the proof of one offense proves every essential element of another growing out of the same act, the Fifth Amendment limits the punishment to a single act. *Gavieres v. United States,* 220 U.S. 338, 343, 31 S.Ct. 421, 55 L.Ed. 489 (1911). This principle was applied by this Court in *Krench v. United States,* 42 F.2d 354 (6th Cir. 1930), and later in *Freeman v. United States,* 146

Charles H. Austin in Memphis, Tennessee, for Charles Travis Austin.

11. On or about April 29, 1969, said 1969 Ambassador automobile was sold to Liles Bros. Motor Co.; all in violation of Title 18, United States Code, Section 371.

(nm $10,000 or nm 5 yrs., or both)

F.2d 978 (6th Cir. 1945). In *Krench, supra,* the defendant was indicted and convicted on three counts. The first charged the bringing of merchandise into the country in violation of the Tariff Act; the second, concealment of the merchandise after it had been brought in; and the third count charged conspiracy to bring into the country the merchandise mentioned in the other two counts. On these facts, we held that it was clear that proof of the substantive offense included every element of the conspiracy and that to impose a consecutive sentence on the third count was double punishment. In *Freeman, supra,* the first two counts of the indictment charged that defendant Freeman and one Blanche Williams on October 10th and 11th, 1939, respectively, for the sum of $60 sold to Preston Robinson and Catherine Robinson, quantities of heroin in violation of the Internal Revenue Code. The third count charged the same defendants with a conspiracy to violate the same statute. The overt acts charged were the delivery of the heroin alleged to have been sold under counts one and two and the collection of the money therefore. Defendant Freeman upon being found guilty on all three counts was sentenced to five years each on counts one and two and to two years on count three, the sentences to run consecutively. On appeal, the Court, citing *Krench, supra,* stated that it was plain from the face of the indictment "that the substantive offenses charged in the first two counts include every element of the offense charged in the third count." The judgment of the district court was accordingly modified and the action was remanded with directions that the sentence imposed on defendant Freeman under the conspiracy count be set aside or vacated, with the sentences imposed under counts one and two to remain undisturbed.

Our examination of the record persuades us that essentially the same evidence in this case was relied upon to prove both the conspiracy count and the substantive offenses. The proof was offered indiscriminately on all three counts and it would be difficult, if not impossible, to weed out any item of evidence that was not pertinent to all counts. The overt acts in the fourth count were all relevant in proving the substantive offenses as well as the conspiracy. Indeed, one overt act specifically alleged in the conspiracy count, i. e., delivery of the automobile to appellant, is also alleged in substance in substantive count three. Further, substantive counts one and three allege in effect the same concert of action or agreement as alleged in the conspiracy count and as established by the proof. The objects of the alleged conspiracy were to bring about or accomplish violations of the same statutes on which counts one and three are based. Although the participants are not identified by name as being identical in the three counts, all participants named in count four were in fact agents of American Motors with the exception of the appellant. Further, as ·shown by the proof, all of the participants specifically named in the conspiracy count took part in one way or another in accomplishing the offenses charged in the substantive counts.

Our ruling does not mean that proof of bribery offenses condemned by 18 U.S.C. Secs. 201(f) and 201(g) would necessarily in all cases require proof of an agreement or joint action—the essence of a conspiracy. For these statutory offenses may or may not involve an agreement or a concert of action between two or more persons. Both subsections condemn certain acts of a single individual as well as acts of two or more persons. For example, a single person could be punished under subsection (f) by "offering" a bribe to a public official even if the bribe should not be accepted. Similarly, under subsection (g) a public official would commit the offense if he unilaterally asked for, "exacted," "solicited," or "demanded" a bribe from any person for performance of his official duties even if the person from whom the bribe was sought refused to participate.

In the present case, however, the substantive offenses charged in counts one

and three in effect charged the same agreement or concert of action on the part of Austin and others, as charged in the conspiracy count. Since proof of the substantive offenses, as alleged in counts one and three of the indictment, also proved every essential element of the conspiracy, as charged in count four, appellant was doubly punished in violation of the Fifth Amendment. *Gavieres v. United States, supra*; *Freeman v. United States, supra.*

The judgment of the district court is therefore modified and the action is remanded with directions to correct the sentence imposed on appellant by setting aside or vacating the sentence of confinement imposed on count four. The concurrent sentences on counts one and three will remain undisturbed as will the imposition of the fine of $5,440.00.[6]

**6.** We vacate the sentence on the conspiracy count first, because we believe that since the conjunction of sentences has been held invalid, the longer sentence should be vacated to avoid any incentive for the government to seek similar multiple punishments in the future, and second, because this disposition accords with the disposition made in the analogous case of *Freeman v. United States, supra.*

Since our ruling results in a substantial reduction in appellant's sentence, we find it unnecessary to consider appellant's second assignment that the district court as reflected by his pre-sentencing remarks from the bench punished appellant in part for exercising his right to go to trial. We note, however, that the district court's remarks could hardly be described as any less objectionable than similar remarks of a district judge disapproved by this Court in our recent case of *United States v. Derrick*, 519 F.2d 1 (6th Cir. 1975).