Robert FOSTER, Plaintiff-Petitioner,

v.

**UNITED STATES of America,
Defendant-Respondent.**

No. C-3-82-359.

United States District Court,
S.D. Ohio, W.D.

Dec. 28, 1983.

Robert Foster, pro se.

James A. Wilson, Sr. Asst. U.S. Atty., Dayton, Ohio, for defendant-respondent.

DECISION AND ENTRY DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; TERMINATION ENTRY

RICE, District Judge.

This case is before the Court upon Petitioner's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons set out below, the Court dismisses the motion in its entirety.

I. BACKGROUND

In 1967, a four count indictment was returned against Petitioner in this Court. The first count alleged that Petitioner and one Judy Wilmer unlawfully conspired (apparently, under 18 U.S.C. § 371) to violate 18 U.S.C. § 2314 by transporting falsely made bank checks in interstate commerce, and listed eight overt acts in furtherance of the conspiracy. The second, third, and fourth counts alleged that Petitioner and Wilmer violated 18 U.S.C. §§ 2 and 2314 by transporting certain falsely made bank checks in interstate commerce, each count being predicated on the checks being made

payable to three separate individuals.[1] A jury found Petitioner guilty on all four counts. United States District Judge Carl A. Weinman sentenced him to confinement of five years on Count 1, and two years each on Counts 2, 3 and 4, all sentences to run consecutively. The Sixth Circuit affirmed the conviction on direct appeal. *United States v. Foster*, 407 F.2d 1335 (6th Cir.) (per curiam), *cert. denied*, 396 U.S. 862, 90 S.Ct. 134, 24 L.Ed.2d 114 (1969).

In 1977, Petitioner attacked his sentence collaterally under 28 U.S.C. § 2255, asserting ineffective assistance of trial counsel. Judge Weinman denied that motion to vacate the sentence, *Foster v. United States*, C–3–77–290 (S.D.Ohio Oct. 28, 1977), a decision affirmed by the Sixth Circuit on appeal. 577 F.2d 741 (6th Cir.1978) (mem.)

Petitioner filed his present § 2255 action in 1982, alleging that his sentences on the four counts of which he was found guilty violated his right against double jeopardy found in the Fifth Amendment to the Constitution. In his motion, Petitioner also stated as follows:

> Petitioner asserts that his right against double jeopardy was violated in the case because (a) Proof of the conspiracy and aiding and abetting counts was offered indiscriminately; (b) evidence offered by the government at trial could have and was used interchangeably to prove all counts of the indictment; (c) the overt acts alleged to have been in furtherance of the conspiracy charged were also alleged in the aiding and abetting counts of the indictment; and (d) the participant specifically named in the conspiracy count participated in the offense charged in the aiding and abetting counts.

Pursuant to 28 U.S.C. § 2255, Rule 4, this Court ordered the United States Attorney to respond to Petitioner's motion. Doc. # 3. The Government did file a response to the double jeopardy claims, but the Court requested further expansion of the record, pursuant to 28 U.S.C. § 2255, Rule

7, on whether Petitioner was still in custody. The Government's response on that score, doc. # 7, indicates that Petitioner is still incarcerated, his parole having been revoked several times.

Accordingly, it is proper to address Petitioner's double jeopardy claims, and for the reasons set out below, the Court rejects same.

## II. DISCUSSION

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). This case presents only the third claim, an alleged multiple punishment for the same offense.

■ The applicable analysis to assess Petitioner's claim has been set out by the Sixth Circuit:

> Recent decisions of the United States Supreme Court and indeed of our circuit have discussed the application of the Double Jeopardy Clause and, with respect to federal criminal offenses at least, have made it clear that where separate offenses have been charged and tried in the same proceeding, the question whether separate punishments may be imposed is primarily one of Congressional intent.

*United States v. Finazzo*, 704 F.2d 300, 303 (6th Cir.), *cert. denied*, — U.S. —, 103 S.Ct. 3543, 77 L.Ed.2d 1392 (1983). The courts can utilize three tools to ascertain congressional intent in this area. Courts can consider whether each statute authorizes punishment for violations of its terms, whether the legislative history of

---

**1.** When read closely, the second, third and fourth counts of the indictment do not make clear if one or three checks were involved.

However, the balance of the record, particularly the trial transcript, Tr. 44–53, indicates that three checks were at issue.

the statute addressed the issue of multiple punishment or, as a third alternative, courts can apply the rule of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), which requires an inquiry as to "whether each provision requires proof of a fact which the other does not." *See generally, Finazzo*, 704 F.2d at 305; *United States v. Sutton*, 700 F.2d 1078, 1079–80 (6th Cir.1983).

There are three statutes involved in this case, as follows:

18 U.S.C. § 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

\* \* \* \* \* \*

18 U.S.C. § 371. Conspiracy to commit offense or to defraud United States

If two or more persons conspire either to commit any offense against the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons to any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

\* \* \* \* \* \*

§ 2314. Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting

. . . .

Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited;

. . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

The Court agrees with the Government that imposition of multiple punishments based on these statutes does not violate the Double Jeopardy Clause. First, the language of the conspiracy statute (§ 371) and the illegal transportation statute (§ 2314) "authorize punishment for each violation and do not place limitations on cumulative punishment for violation of other sections by a single transaction." *Finazzo*, 704 F.2d at 304. Thus, the statutes on their face do not reveal congressional intent to forbid multiple punishments.[2]

The same result is reached by applying the *Blockburger* test. For a violation of the conspiracy statute, 18 U.S.C. § 371, the Government had to prove that:

(1) the defendants conspired or agreed to violate illegal transportation of bank check statute and that

(2) there existed an overt act in furtherance of the conspiracy.

*Finazzo*, 704 F.2d at 305. For a violation of 18 U.S.C. § 2314,[3] the Government had to prove that there was:

(1) interstate transportation of falsely made, forged, altered or counterfeited bank notes,

(2) with fraudulent intent.

*United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir.1980), *cert. denied*, 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981).

**2.** The second tool for ascertaining congressional intent is of little aid. It appears that the legislative history of 18 U.S.C. §§ 2, 371 & 2314, to the extent same is even available, does not address the double jeopardy issues raised in this case.

**3.** While 18 U.S.C. § 2314 contains five substantive paragraphs, the trial transcript reveals, Tr. 141, that the jury was charged with the third

paragraph, quoted above in this opinion. When dealing with a multi-paragraph or multi-purpose statute such as § 2314, the Court, for double jeopardy purposes, should narrow the statute to the single alternative applicable to the case. *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *United States v. Sutton*, 700 F.2d at 1081 n. 2.

Thus, § 371 requires proof of an agreement and some overt act, while § 2314, the substantive provision, requires proof of transporting a forged bank check with fraudulent intent. The substantive provision requires proof of *additional* elements when compared to the conspiracy statute. Likewise, a conspiracy to violate a statute, and the commission of the substantive offense, are separate and distinct crimes. *Finazzo*, 700 F.2d at 306; *United States v. Fife*, 573 F.2d 369, 373 (6th Cir.1976). Each of the offenses charged in the indictment, involving a conspiracy count and three further counts covering three *separate* checks, requires "proof of a fact that the other does not," thus satisfying the *Blockburger* test.

■ Petitioner also asserts in his motion that the Government's proof at trial was "offered indiscriminately" and "used interchangeably to prove all counts of the indictment." Even assuming that characterization to be true, it is mistaken to

> point to the evidence submitted at trial; the relevant inquiry focuses not on the evidence actually submitted, but rather examines the proof necessary to establish the statutory elements of each offense.

*Finazzo*, 704 F.2d at 305 (citing *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975)). And as outlined above, the evidence necessary to prove each count of the indictment *is* different.

A case cited by Petitioner in his motion, *United States v. Austin*, 529 F.2d 559 (6th Cir.1976), does not compel a different result. The defendant in *Austin* was convicted for aiding and abetting in offering a bribe (violating 18 U.S.C. § 201(f)), for accepting a bribe (violating 18 U.S.C. § 201(g)), and for conspiracy to violate the bribery statutes. *Id.* at 560. His conspiracy conviction was overturned on double jeopardy grounds, since the record indicated that "the same evidence ... was relied upon to prove both the conspiracy count and the substantive offenses." *Id.*

at 563. These statements in *Austin* seem to be rather dubious precedent, in light of the rule, described above, that the evidence submitted at trial is *not* the relevant inquiry. *See United States v. Lanci*, 669 F.2d 391, 394 (6th Cir.1982) (distinguishing *Austin*, referring to *Blockburger* test); *United States v. Pearson*, 667 F.2d 12, 15 (5th Cir.1982) (per curiam) (expressly disagreeing with *Austin*). In any event, the counts in the indictment, outlined above, clearly required proof of *different* acts for each count. The proof at the trial found in the trial record, makes this clear. Thus, *Austin* is factually distinguishable from the instant case, as the Government observes in its memorandum. Doc. # 4, pp. 2–3.

For all of these reasons, the Court rejects Petitioner's double jeopardy claim.

### III. CONCLUSION

Finding Petitioner's double jeopardy claim not to be well taken, the Court dismisses his § 2255 motion. The record as it stands is sufficient to decide this issue, and further expansion of the record, or an evidentiary hearing, is unnecessary. Accordingly, the Court orders that this case be terminated upon the Court's docket records.