**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fred William MEGNA, Defendant-**
**Appellant.**

**No. 30748.**

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1971.

Rehearing Denied Dec. 30, 1971.

Harvey J. Powers, Irwin L. Frazin, Chicago, Ill., for defendant-appellant.

Robert W. Rust, U. S. Atty., Jose E. Martinez, Asst. U. S. Atty., Michael P. Sullivan, Miami, Fla., by Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

On the night of October 20–21, 1969, the Four Points Branch of the West Palm Beach, Florida, Post Office, was burglarized. There was damage to the building, floors, walls, and other property within and without the building.

Fred William Megna was indicted in substantive counts for willfully injuring property of the United States and burglary of the building with the intent to commit larceny. It is not disputed that the Post Office was burglarized, by some person or persons, and that the property was damaged as alleged in the indictment. The trial jury found Megna, the twenty-eight-year old defendant, not guilty of damaging the property but guilty of burglary, whereupon the District Judge imposed imprisonment for a term of three years. Because the District Court declined to instruct the jury as to Megna's one and only defense— that of an alibi—we must reverse and remand for a new trial.

There was no direct evidence placing Megna at or near the Post Office on the night in question. Because, however, he rented a truck and some bolt cutters which the next morning were found at the scene he was immediately tangled in a web of circumstances from which the jury could have readily concluded that Megna either participated in the actual offense or aided and abetted those who broke and entered, rendering himself a principal, 18 U.S.C., § 2.

On appeal, the conviction is vigorously attacked on several fronts.

First, it is said that the Court erred in refusing the request of the appellant to conduct an in-Camera inspection of a 3500 word investigative statement, but we find no merit in this contention. Neither do we feel that the Government was allowed improperly to impeach the witness, Victor Adam Megna. The attempts to suppress in-Court identifications of the defendant are likewise without merit.

■ The defendant was indicted as a principal, with no mention of aiding and abetting. Therefore, says the appellant, it was error for the District Court to have given the aiding and abetting instructions under the provisions of 18 U.S.C., § 2.[1] The law to the contrary is well settled. 18 U.S.C. § 2 does not define a crime. It makes punishable as a principal one who aids or abets the commission of a crime. One indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted. See, United States v. Campbell, 2 Cir., 1970, 426 F.2d 547, 553; United States v. Bradley, 6 Cir., 1970, 421 F.2d 924, 927. Indeed, in view of the language of the statute, all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C., § 2 were embodied in the indictment, United States v. Lester, 6 Cir., 1966, 363 F.2d 68, 72, cert. denied 385 U.S. 1002, 87 S.Ct. 705, 17 L. Ed.2d 542, reh. denied 386 U.S. 938, 87 S.Ct. 951, 17 L.Ed.2d 813. There was evidence which strongly indicated that more than one person participated in the burglary, hence, instructions on aiding and abetting were properly given.

■ Megna's defense was an alibi. He offered two witnesses, a bartender and a woman, who both testified in detail as to Megna's whereabouts from and after ten o'clock on the night of the burglary. They swore that during the

1. 18 U.S.C., § 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

hours when the burglary could have been committed Megna was first in the bar and afterwards in the woman's home, many miles from the scene of the crime. The credibility of these witnesses was for the jury. Defense counsel specifically requested the trial judge to instruct the jury as to the alibi defense. In this regard, the following colloquy took place:

"MR. ENGEL: Judge, can we have an alibi charge or does the Court give an alibi charge?

"THE COURT: I don't.

"MR. ENGEL: We have requested one.

"THE COURT: I shall deny that request."

When the jury retired to consider its verdict, the defense renewed its motion for an alibi instruction, which was denied.

No eye witness placed Megna at the scene of the crime or testified that he, in fact, committed it. He had rented the truck, but openly did so in his own name. He claimed that he intended to use the truck to move furniture from one dwelling to another but that the truck was stolen from the street in front of his brother's home while he was at the bar and spending the remainder of the night with his female friend. He claimed he rented the bolt cutters to cut a padlock from a cabin door, the key being lost. Eye witnesses, to be believed or disbelieved by the jury, testified positively and directly to Megna's whereabouts during the night of the crime, a long way from the scene.

Megna could have aided and abetted the crime by knowingly furnishing the instrumentalities by which it was to be accomplished and he could have thus personally remained away while the work was being done. At the same time, the proof showed that an 1800 pound safe was moved out of the building and four men were required to return it. The jury found the defendant guilty as charged—we know not whether upon the theory of personal participation or merely aiding and abetting. In any event, the alibi raised a cognizable defense to the substantive offense charged in the indictment.

Nearly fifty years ago the Circuit Court of Appeals for the Fifth Circuit laid down the rule that "Where the evidence presents a theory of defense, and the court's attention is particularly directed to it, it is reversible error for the court to refuse to make any charge on such theory", Calderon v. United States, 5 Cir., 1922, 279 F. 556, 558, relying upon Bird v. United States, 1901, 180 U.S. 356, 361, 21 S.Ct. 403, 45 L.Ed. 570.

Citing these cases the Third Circuit in 1948 very succinctly enunciated the following:

"If the accused requests an instruction as to the burden of proof on his alibi, an instruction on the subject must be given so as to acquaint the jury with the law that the government's burden of proof covers the defense of alibi, as well as all other phases of the case. Proof beyond a reasonable doubt as to the alibi never shifts to the accused who offers it, and if the jury's consideration of the alibi testimony leaves in the jury's mind a reasonable doubt as to the presence of the accused, then the government has not proved the guilt of the accused beyond a reasonable doubt", United States v. Marcus, 166 F.2d 497, 504.

See, also the decisions of this Court in Perez v. United States, 5 Cir., 1961, 297 F.2d 12 and Strauss v. United States, 5 Cir., 1967, 376 F.2d 416, as well as United States v. Vole, 7 Cir., 1970, 435 F.2d 774.

We are compelled to conclude that Megna is entitled to a new trial, in order that his theory of the case, upon request, may be covered by appropriate instructions to the trial jury.

Reversed and remanded.