**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael T. MARTINEZ,**
**Defendant-Appellant.**

**No. 76–3431.**

United States Court of Appeals,
Fifth Circuit.

July 15, 1977.

Rehearing Denied Aug. 24, 1977.

See also, 5 Cir., 555 F.2d 1273.

Daniel R. Rutherford, San Antonio, Tex. (Court-appointed), for defendant-appellant.

John E. Clark, U. S. Atty., LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, TJOFLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

On June 10, 1975, Jose Rene Flores was indicted for the unlawful distribution of cocaine in violation of 21 U.S.C.A. § 841(a)(1).[1] In the second count of this same indictment defendant, Michael T. Martinez, was charged with aiding and abetting Flores in violation of 18 U.S.C.A. § 2.[2] After a bench trial defendant was found guilty and sentenced to ten years

---

1. 21 U.S.C.A. § 841(a)(1) reads:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or . . . .

2. 18 U.S.C.A. § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

imprisonment with a special parole term of three years. On October 21, 1975, defendant's appeal to this court was dismissed for want of prosecution. However, on August 11, 1976, this court reinstated the appeal.

The evidence at the trial may be summarized as follows: On August 6, 1974, DEA agent Henderson, posing as a drug dealer from New Orleans, called Flores at the Coin Pub, a bar in San Antonio, and placed an order for a pound of cocaine. Under the surveillance of other agents, Flores was seen the next day leaving the Coin Pub after having received a call from agent Henderson.

On this occasion Flores drove to a local shopping center and met with agent Henderson. He produced a one-half gram sample of cocaine and indicated that five ounces were ready for delivery. Agent Henderson asked Flores to obtain the five ounces and Flores told Henderson to call him at the Coin Pub at 4:00 p. m. to arrange delivery.

After placing a phone call, Flores returned to the Coin Pub. Shortly thereafter, Flores, Joseph Daniel Muro and defendant were observed talking together in the parking lot of the Pub. Following the conversation, Flores entered his vehicle and Muro and defendant entered Muro's vehicle. Flores, followed by Muro and defendant, left the Coin Pub under surveillance and returned to the shopping mall where agent Henderson and Flores had met earlier.

The Flores and Muro vehicles entered the mall parking lot and Flores parked near agent Henderson's vehicle. The vehicle containing Muro and defendant was positioned approximately 75 feet away and in a manner that enabled the occupants to observe Flores' vehicle.

Agent Henderson entered Flores' vehicle and obtained a small sample of the cocaine. He then instructed Flores to move his vehicle to another area of the parking lot while the sample was being tested. Flores moved his vehicle and reparked in another area of the parking lot. About this same time the Muro vehicle circled the parking area and returned to approximately the same location and reparked. When a test of the cocaine proved positive, Flores, Muro and defendant were arrested and the cocaine seized. Shortly after the arrest, defendant stated that he and Muro were simply to act as lookouts for Flores.

■ Defendant first challenges the sufficiency of the evidence. Of course, the function of a reviewing court is to determine whether "reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence." *United States v. Warner,* 441 F.2d 821, 825 (5th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971). Also, the government is entitled to all reasonable inferences favorable to its position. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Yet, *Glasser* does not require complete judicial abdication to the determination of the trier of fact, *In re Joyce,* 506 F.2d 373, 376 (5th Cir. 1975); *United States v. Ferg,* 504 F.2d 914, 916 (5th Cir. 1974), but explicitly requires that a conviction be supported by "substantial evidence." *Glasser v. United States, supra* 315 U.S. at 80, 62 S.Ct. 457. If the conclusion that all hypotheses of innocence have been excluded by the evidence could be reached only as a result of speculations or assumptions about matters not in evidence, then the verdict must be overturned. *United States v. Box,* 530 F.2d 1258, 1267 (5th Cir. 1976).

■ Mere association with a criminal, standing alone, is not enough to convict; nor is mere presence at the scene of a crime, with nothing more, evidence that one is an aider or abetter. *United States v. Joiner,* 429 F.2d 489, 493 (5th Cir. 1970). On the other hand, it is not necessary that one sell contraband in order to aid and abet its distribution. *United States v. McCray,* 482 F.2d 286, 287 (5th Cir.), *cert. denied,* 414 U.S. 978, 94 S.Ct. 300, 38 L.Ed.2d 222 (1973); *United States v. Johnson,* 481 F.2d 645 (5th Cir. 1973). To aid and abet means to assist the perpetrator of the crime while sharing in the requisite criminal intent. *United States v. Jackson,* 526 F.2d 1236, 1238 (5th Cir. 1976). The crime consists of illegal assistance in the criminal act and a

person may be convicted on the basis of his overall participation in the criminal venture. In order to sustain a conviction for aiding and abetting, the evidence must show that defendant was associated with the criminal venture, participated in it as in something he wished to bring about, and sought by his action to make it succeed. *United States v. Anthony,* 474 F.2d 770 (5th Cir. 1973). Thus, to sustain this conviction, the evidence and reasonable inferences therefrom must show that defendant knew that a narcotics distribution was occurring, that he associated himself with the act, that he participated in it with a desire that it be accomplished, and that he committed some overt act designed to make it a success. Defendant must have shared the criminal intent or purpose and assisted in the accomplishment of that purpose. *United States v. Harold,* 531 F.2d 704, 705 (5th Cir. 1976).

■ In the circumstances of this case we conclude that substantial evidence supports the trial court's verdict. Surveillance indicated that defendant and Muro met with Flores following Flores' initial meeting with the undercover agent. Subsequently, defendant and Muro followed Flores to the meeting where delivery was consummated and positioned themselves in such a fashion as to be able to observe the transaction. When Flores moved his vehicle at the direction of agent Henderson, defendant and Muro repositioned their vehicle so that their observation could continue. Finally, after arrest and *Miranda*[3] warnings, defendant confessed that he was being paid as a lookout during the transaction. From this evidence it is clear that defendant was associated with the criminal venture, participated in it and sought by his actions to make it succeed.

Defendant complains of the adequacy of his retained counsel. He cites the failure of his attorney to procure the exculpatory testimony of an alibi witness and the failure of counsel to protect his appeal rights. As evidence of prejudice, defendant notes that, as a result of the dismissal for want of prosecution, the final conviction in the instant case was used to impeach him at his second trial.

■ Defense counsel was retained well before the time of trial. He participated in the pretrial omnibus procedures and from the record appears to have been familiar with the facts and possible defenses. Counsel was obviously aware of Muro, the alleged alibi witness, so that his failure to call him was not the result of a failure to investigate. While the failure to prosecute an appeal may be probative on the issue of ineffective counsel, we conclude that counsel rendered reasonably effective assistance in the trial of the case. *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974); *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir. 1960), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961).

■ Defendant contends that the trial court was required to determine the voluntariness of his confession at a separate hearing in conformity with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The motion to suppress having been carried with the trial to the court, there was no need for the court to conduct a separate voluntariness hearing apart from the trial. The evidence clearly reveals that the officers had probable cause to effect the warrantless arrest of defendant and defendant received a fair and impartial trial.

AFFIRMED.

---

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).