**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Melinda LONGORIA,**
**Defendant-Appellant.**

No. 77–5093.

United States Court of Appeals,
Fifth Circuit.

March 10, 1978.

Ronald B. Brin, Corpus Christi, Tex. (Court-Appointed), for defendant-appellant.

James R. Gough, Jr., Mary L. Sinderson, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., Marion L. Jetton, U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before THORNBERRY, AINSWORTH and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Melinda Longoria appeals from a conviction for aiding and abetting possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C.A. § 841 (1972), and 18 U.S.C.A. § 2 (1969). Of appellant's numerous contentions of error, we need only address the argument that there is insufficient evidence to sustain the conviction. We agree with appellant that the government failed to establish her guilt beyond a reasonable doubt; therefore, the conviction must be reversed.

On February 15, 1975, appellant accepted a ride to Austin, Texas, with Gabriel Delgado, who offered appellant the ride under the guise that he, Delgado, had business in Austin. The car in which they were to travel was owned by Delgado, who was to do all of the driving. The journey originated in Edinburg, Texas, and was to carry appellant and Delgado through a border patrol checkpoint near Falfurrias, Texas. A short time after leaving Edinburg, and more than thirty minutes before arriving at the checkpoint, Delgado informed appellant that there was marijuana in the car. Being informed of the marijuana, appellant became nervous, upset, and aggravated. Delgado, fearing detection at the checkpoint, handed appellant $300 and instructed her to keep calm. Nothing more was said concerning the $300, and appellant was given no further information about the marijuana. She was not told how much marijuana was being carried, where the marijuana was being carried, where Delgado got the marijuana, or what Delgado intended to do with the marijuana. At the checkpoint, appellant and Delgado were questioned about their citizenship. During the questioning, one of the agents detected the odor of marijuana and with Delgado's consent searched the car. A search of the trunk revealed suitcases containing 176 pounds of marijuana. Delgado and appellant were immediately arrested and informed of their constitutional rights. On two separate occasions following the arrest, Delgado, having been asked a question by one of the agents, was instructed by appellant to "shut up." Subsequent searches revealed traces of marijuana in appellant's pocketbook; however, there is no contention that these traces were in any way related to the marijuana found in the trunk. Delgado entered a guilty plea to a charge of possession of marijuana with intent to distribute. Appellant, indicted on a similar charge, was tried and convicted by a jury.

Although the indictment charged appellant with possession with intent to distribute, the proof at trial, the charge to the jury, and the arguments on appeal make it clear that the conviction rests on the conclusion that appellant aided and abetted Delgado. However, "the rule is well established, both in this Circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he has merely aided and abetted the commission of the offense." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). Thus the question becomes whether the evidence, and all reasonable inferences favorable to the government's position, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), are such that the jury could reasonably and logically infer that appellant was guilty beyond a reasonable doubt of aiding and abetting the possession of marijuana with intent to distribute. *United States v. Smith*, 546 F.2d 1275 (5th Cir. 1977); *United States v. Bright*, 541 F.2d 471 (5th Cir. 1976). Unless the conviction is supported by "substantial evidence,"

it must be overturned. *Glasser v. United States, supra; United States v. Martinez*, 555 F.2d 1269 (5th Cir. 1977).

Proof that a defendant was merely associated with a criminal, or that defendant was present at the scene of a crime is not, without more, sufficient to sustain a conviction for aiding and abetting a criminal venture. *United States v. Martinez, supra*. To be upheld, the conviction must be based on evidence that the "defendant was associated with the criminal venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." *United States v. Martinez, supra, United States v. Anthony*, 474 F.2d 770 (5th Cir. 1973). To prove association, there must be evidence to establish that the defendant "shared in the criminal intent of the principal." *United States v. Smith*, 546 F.2d 1275 (5th Cir. 1977). To prove participation, there must be evidence to establish that the defendant engaged in some affirmative conduct; that is, there must be evidence that defendant committed an overt act designed to aid in the success of the venture. Proof of mere negative acquiescence will not suffice. *United States v. Martinez, supra; United States v. Smith, supra*.

The government points to appellant's acceptance of the $300, her silence at the checkpoint, and her two attempts to silence Delgado following the arrest as evidence that appellant shared Delgado's intent and acted in a manner designed to effectuate that intent. Were this case one involving a charge of mere possession, the government's position would be more plausible. This, however, is not that case. Appellant is charged not with mere possession, but with possession aggravated by the intent to distribute. Where a defendant is charged with aiding and abetting a crime involving an element which enhances or aggravates the offense, there must be proof that the defendant associated herself with and participated in both elements of the crime. Thus, in a prosecution for aiding and abetting armed bank robbery, the government must establish not only that the defendant knew that a bank was to be robbed and became associated with and participated in that crime, but also that the defendant "knew that [the principal] was armed and intended to use the weapon, and intended to aid him in that respect." *United States v. Short*, 493 F.2d 1170, 1172 (9th Cir. 1974). Similarly, in a prosecution for aiding and abetting possession of cocaine with intent to distribute, there must be evidence connecting the defendant with both aspects of the crime, possession and intent to distribute. In *United States v. Jackson*, 526 F.2d 1236 (5th Cir. 1976), this court was convinced of defendant's involvement in the distribution of the cocaine, but held that there was no evidence of defendant's involvement in the possession of the cocaine. Failure by the government to connect the defendant with both elements of the crime required that the conviction be reversed. A similar result must be reached in this case.

As stated above, a charge for mere possession would be easier to sustain, although we are not completely convinced that there is evidence of anything beyond "negative acquiescence." We need not decide that case; what we do decide is that there is insufficient evidence to show that appellant shared Delgado's intent to distribute the marijuana, and that there is almost no evidence to establish affirmative conduct designed to aid the distribution. Her acceptance of the $300, and her silence at the checkpoint perhaps establish her desire that the unknown quantity of marijuana escape detection, and that she and Delgado arrive safely in Austin. That evidence does not, however, establish in any way her intention to associate herself with and participate in the distribution of marijuana. Nor do her admonitions to Delgado add anything to the government's case. Choosing to take advantage of constitutional rights is not evi-

dence of criminal activity, nor is it highly probative of criminal activity to advise another to take advantage of the same constitutional rights. Because we find that there is not substantial evidence in the record to support Melinda Longoria's conviction, the judgment below is reversed and remanded with directions that a judgment of acquittal be entered.[1]

REVERSED and REMANDED.

1. Although the usual practice in this circuit is to remand for a new trial where a conviction is reversed for insufficient evidence and the defendant has made a motion for a new trial, we feel that in this case there is no need for a new trial, the government having had a full and fair opportunity to present its case against defendant. *See generally United States v. White,* 569 F.2d 263, No. 77–5180 (1978); *United States v. Brumley,* 560 F.2d 1268 (5th Cir. 1977); *United States v. Musquiz,* 445 F.2d 963 (5th Cir. 1971).