**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mose Franklin PEARSON,
Defendant-Appellant.**

**No. 81–7085
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 1, 1981.

Panel Rehearing Granted and Rehearing
· En Banc Denied Feb. 1, 1982.

Carl Ziemba, Detroit, Mich., for defendant-appellant.

Holly Wiseman, Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Mose Franklin Pearson brings this habeas corpus action pursuant to 28 U.S.C. § 2255 challenging his conviction on one count of conspiring to import heroin into the United States and on two counts of importing heroin into the United States. He alleges deprivation of his fifth amendment right not to be punished twice for the same act and deprivation of his right to a fair trial. Because precedent is squarely against Pearson's contentions, we affirm the denial of his motion to vacate sentence.

Pearson was charged in Count I of a three-count indictment with conspiring to: (a) import heroin into the United States in violation of 21 U.S.C. § 952(a); (b) use the mails to import heroin in violation of 21 U.S.C. § 843(b); and (c) unlawfully distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 841(a). In Counts II and III, Pearson and Sonny Murray were charged with importing heroin into the United States on two different occasions, "aided and abetted each by the other." At the conclusion of the government's case, the district court granted the government's motion to dismiss Murray as a defendant because of insufficient evidence. The jury returned a verdict against Pearson on all three counts. The conviction was affirmed by this court in *United States v. King*, 517 F.2d 350 (5th Cir. 1975), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980). Pearson filed a motion in the district court pursuant to 28 U.S.C. § 2255 to vacate his sentence. The district court denied the motion, and this appeal followed.

Pearson contends that he was placed in double-jeopardy in violation of his fifth amendment rights because the same evidence was used to convict him of conspiracy to import heroin and of importing heroin, and because he received consecutive sentences after conviction on all counts. Pearson urges this court to adopt the Sixth Circuit ruling in *United States v. Austin*, 529 F.2d 559 (6th Cir. 1976), which held, "[I]t is clear that the Fifth Amendment comes into play to prohibit double punishments where the substantive and conspiracy counts of an indictment charge essentially the same offense." *Austin* at 562. The Fifth Circuit, however, has expressly rejected the holding in *Austin*. *United States v. Cowart*, 595 F.2d 1023 (5th Cir. 1979). This court stated in *Cowart* that the fact that most of the evidence served "double duty" in proving the elements of the crime of conspiracy and the crime of aiding and abetting is of no consequence. This panel is bound by precedent set by prior Fifth Circuit decisions. *Hernandez v. City of Lafayette*, 643 F.2d 1188 (5th Cir. 1981). We therefore reject Pearson's claim that he was unconstitutionally placed in double-jeopardy.

Pearson next complains of his conviction on two counts of importing heroin into the United States. The government charged him both as a principal and as an aider and abettor in this activity. Pearson alleges a denial of a fair trial because the co-defendant whom he allegedly aided and abetted was dismissed as a defendant due to insufficient evidence. In spite of this dismissal, the trial court instructed the jury on the elements of the crime of aiding and abetting in the importation of heroin.

The trial court also instructed the jury on the elements of the crime of importing heroin as a principal. In *Hendrix v. United States*, 327 F.2d 971 (5th Cir. 1964), this court stated, "In order to sustain the conviction of a defendant who had been charged as an aider or abettor, it is necessary that there be evidence showing an offense to have been committed by a principal and that the principal was aided or

abetted by the accused, although it is not necessary that the principal be convicted or even that the identity of the principal be established." 327 F.2d at 975. Thus it is clear that conviction of Pearson's co-defendant was not a prerequisite to Pearson's conviction as an aider and abettor. Moreover, since the indictment charged Pearson as a principal as well as an aider and abettor, and ample evidence was before the jury upon which they could convict him as a principal, there can be even less doubt about the propriety of the jury's finding that Pearson was guilty of the offense as charged.

### CONCLUSION

We hold that the fact that some of the evidence in Pearson's trial served "double duty" in proving the elements of both the substantive and conspiracy counts did not violate the fifth amendment double-jeopardy clause. We also hold that the trial judge did not err in instructing the jury on the elements of the crime of aiding and abetting in the importation of heroin despite of the fact that the co-defendant whom Pearson allegedly aided and abetted was dismissed as a defendant. We therefore affirm the decision of the district court.

AFFIRMED.