**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Mose Franklin PEARSON,**
**Defendant-Appellant.**

**No. 81–7085**
**Non-Argument Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit B

Feb. 1, 1982.

* Former Fifth Circuit case, Section 9(1) of Public    Law 96–452—October 14, 1980.

Carl Ziemba, Detroit, Mich., for defendant-appellant.

Holly Wiseman, Asst. U. S. Atty., N. D. Ala., Birmingham, Ala., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

## PER CURIAM:

* The Petition for Panel Rehearing is granted, the Petition for rehearing En Banc is denied, and the opinion, 655 F.2d 569, dated September 1, 1981, is clarified.

Mose Franklin Pearson was indicted for importing heroin into the United States, both as a principal and as an aider and abetter of Sonny Murray. Pearson alleges a denial of a fair trial because although the government dismissed charges against the only other principal named in the indictment, the trial court instructed the jury that Pearson could be convicted for aiding and abetting the crime. Because we find that aiding and abetting is not a separate crime with elements of its own, and that Pearson had ample notice of the charges against him, we affirm Pearson's convictions.

## FACTS

A federal grand jury indicted Pearson for conspiring to import heroin into the United States, use the mails to import heroin, and unlawfully distribute and possess with intent to distribute heroin. In Counts II and III, Pearson and Sonny Murray were charged with importing heroin into the United States "aided and abetted each by the other." At the conclusion of the government's case, the district court granted the government's motion to dismiss Murray as a defendant because of insufficient evidence. Nevertheless, the trial court gave the "aiding and abetting" instruction to the jury. The jury returned a verdict against Pearson on all three counts. This court affirmed Pearson's conviction in *United States v. King*, 517 F.2d 350 (5th Cir. 1975), *cert. denied* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980). Pearson filed a motion in the district court pursuant to 28 U.S.C. § 2255 to vacate his sentence. The district court denied this motion, and this court affirmed the district court in *United States v. Pearson*, 655 F.2d 569 (5th Cir. 1981). This panel now reconsiders that portion of its opinion concerning the trial court's instruction on aiding and abetting.

## AIDING AND ABETTING

■ While it is a natural initial reaction to analogize aiding and abetting with conspiracy, the two are quite different. Conspiracy itself is a crime, and the existence of a co-conspirator is not only an element of the crime, it is the essence of the crime. In a single trial, if the indictment names two people as the only co-conspirators, and one person is acquitted, then no crime can have been committed. *United States v. Espinosa-Cerpa*, 630 F.2d 328, 330 (5th Cir. 1980).

■ Title 18 U.S.C. § 2 does not establish a separate crime of "aiding and abetting." Rather, it allows a jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting the elements of the crime.

18 U.S.C. § 2, does not define a crime. It makes punishable as a principal one who aids or abets the commission of a crime.

One indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted .... Indeed, in view of the language of the statute, all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment.

*United States v. Megna*, 450 F.2d 511, 512 (5th Cir. 1971) (citations omitted). *See also United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980). The crime was importing heroin. It cannot be said that the fact that Murray was dismissed meant no crime had been committed, because there was ample evidence that a crime was committed. Heroin was brought into this country illegally. *This* is the crime with which Pearson is charged, not some separate statutory offense called "aiding and abetting."

■ When Murray was dismissed, Pearson stood alone before the jury accused of the crime of importing heroin into this country. The government had to prove each element of the crime, but thanks to 18 U.S.C. § 2, it did not have to show that Pearson committed the acts constituting each element.

18 U.S.C.A. § 2, which makes he who aids or abets the commission of an offense punishable as a principal is an alternative charge in every count, whether explicit or implicit, and the rule is well established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense.

*United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). Unlike conspiracy, Murray's participation was not an element of the crime in question.

In order to sustain a conviction for aiding and abetting, the evidence must show that defendant was associated with the criminal venture, participated in it as in something he wished to bring about, and sought by his action to make it succeed. Thus, to sustain this conviction, the evidence and reasonable inferences therefrom must show that defendant knew

that a narcotics distribution was occurring, that he associated himself with the act, that he participated in it with a desire that it be accomplished, and that he committed some overt act designed to make it a success. Defendant must have shared the criminal intent or purpose and assisted in the accomplishment of that purpose.

*United States v. Martinez*, 555 F.2d 1269, 1272 (5th Cir. 1977) (citation omitted).

■ Because "all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment," *Megna*, 450 F.2d at 512, the words "aided and abetted each by the other" in Pearson's indictment were wholly extraneous and had no effect on the crime charged, that of importing heroin. They did not add an offense to the indictment, nor did they limit the charge of importing heroin.

Pearson brings to this panel's attention the recent Fifth Circuit case *United States v. Salinas*, 654 F.2d 319 (5th Cir. 1981), which was released three days before this panel's prior opinion in this case. Pearson contends that the *Salinas* opinion reaches a different result. If so, we would be bound to follow the prior panel opinion. *Ford v. United States*, 618 F.2d 357, 361 (5th Cir. 1980).

While *Salinas* does contain some loose wording concerning the "crime of aiding and abetting," we do not believe that, read as a whole, *Salinas* mandates a conclusion different from the one reached above. *Salinas* states that "where the evidence proves facts different from those alleged in the indictment—resulting in *variance*—the defendant may be deprived of notice of the details of the charge against him." 654 F.2d at 324 (emphasis added). The *Salinas* court was concerned about the variance between the indictment and the proof at trial rather than whether the government had failed to prove an "element" of the "crime" of aiding and abetting.

The government indicted Pearson and Murray with "aiding and abetting" each other in importing heroin. Pearson could

have chosen to allege a variance between the charge and the proof. "A variance may affect a defendant's substantial rights by insufficiently informing him of the charges against him such that he is taken by surprise and prevented from making a proper defense, or by affording him insufficient protection against reprosecution for the same offense." *United States v. Booty*, 621 F.2d 1291, 1301 n. 28 (5th Cir. 1980). On the other hand,

> [a] variance between indictment and proof is fatal only when it affects the 'substantial rights' of the defendant by insufficiently notifying him of the charges against him so that he may prepare a proper defense. As this court has stated, '[i]t is not necessary, of course, that the government should have proved each of the charges contained in the indictment, but only necessary that a sufficient number of the charges in each count should be proven to constitute a violation of the statute relied upon.'

*United States v. Georgalis*, 631 F.2d 1199, 1205 (5th Cir. 1980) (*quoting Myrick v. United States*, 332 F.2d 279 (5th Cir.), *cert. denied*, 377 U.S. 952, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964) (citations omitted)).

Our decision concerning the nature of "aiding and abetting" does not affect such a defense. That determination will have to be made, as with every other charge of variance, based upon the facts of each case.

After reviewing the facts before it, the *Salinas* court determined that the variance between the indictment and the proof had so prejudiced Salinas that his trial was rendered unfair. We cannot reach the same conclusion. We find that Pearson was given ample notice of the charges against him and had every opportunity to defend against them. We therefore find that Pearson was not denied a fair trial.

## DOUBLE JEOPARDY

Pearson next complains that the trial court violated his fifth amendment right not to be placed in jeopardy twice for the same offense. He bases this contention on the fact that the same evidence was used to convict him of conspiring to import heroin and of importing heroin, and because he received consecutive sentences after conviction on all counts. Pearson urges this court to adopt the Sixth Circuit ruling in *United States v. Austin*, 529 F.2d 559 (6th Cir. 1976), which held, "it is clear that the Fifth Amendment comes into play to prohibit double punishments where the substantive and conspiracy counts of an indictment charge essentially the same offense." 529 F.2d at 562. The Fifth Circuit, however, has expressly rejected the holding in *Austin*. *United States v. Cowart*, 595 F.2d 1023 (5th Cir. 1979). This court stated in *Cowart* that the fact that most of the evidence served "double duty" in proving the elements of conspiracy and of the substantive offense is of no consequence. This panel is bound by precedent set by prior Fifth Circuit decisions. *Ford v. United States*, 618 F.2d 357, 361 (5th Cir. 1980). We therefore reject Pearson's claim that he was unconstitutionally placed in double jeopardy.

## CONCLUSION

Because we find that the trial court did not err in giving the aiding and abetting instruction, that Pearson was not unduly prejudiced by the variance between the indictment and the proof, and that Pearson was not placed in double jeopardy, we affirm Pearson's conviction.

AFFIRMED.