**UNITED STATES of America, Plaintiff,**

v.

**Carlos YERO, et al., Defendants.**

**No. 87–0516–CR.**

United States District Court,
S.D. Florida.

Sept. 9, 1988.

Mark Seltzer, Asst. U.S. Atty., for U.S.

Mario S. Cano, Coral Gables, Fla., for Jose Antonio Doyharzabal.

Albert Z. Levin, Coral Gables, Fla., for Ricardo Cornelius Beale.

Maxine Cohen–Lando, for Francisco Lavin.

Gary Kollin, Lauderhill, Fla., for Justo Diaz Loriga.

Howard E. Landau, for Angel Collado.

Kenneth White, for Jerome Roberts.

Michael G. Smith, Fort Lauderdale, Fla., for Eddie Lee Gilbert.

Richard Sharpstein, Coconut Grove, Fla., for Miguel De La Cruz.

Bonnie Phillips–Del Corral, Miami, Fla., for Carlos Yero.

Steven H. Kassner, Miami, Fla., for Miguel Lorigas.

## ORDER

NESBITT, District Judge.

This cause is before the Court upon Defendant Carlos Yero's Motion for Judgment of Acquittal Notwithstanding the Verdict, filed on August 12, 1988. The jury found Yero guilty of counts nine, ten, and eleven of the superseding indictment which charged him with armored truck robbery, 18 U.S.C. § 1951, bank robbery, 18 U.S.C. § 2113(a), armed bank robbery, 18 U.S.C. § 2113(d) and aiding and abetting, 18 U.S.C. § 2. The evidence at trial demonstrated that Yero provided the vehicles, or "switch cars," with which the robbery charged in counts nine, ten, and eleven was committed.

In order to be convicted of aiding and abetting the criminal venture charged, the defendant must have associated with the criminal venture, participated in it as something he wished to bring about and sought by his actions to make it succeed. *United States v. Longoria,* 569 F.2d 422, 425 (5th Cir.1978). The issue with which the court is concerned is whether Yero associated with the criminal venture, *i.e.,* whether he shared the principal's intent, such that he can be held accountable as a principal. *See id.* The evidence must establish that Yero knew that a bank was to be robbed and that he became associated with and participated in that crime. The evidence must also demonstrate that Yero knew that the principal was armed, intended to use the weapon and that Yero intended to aid the principal in that respect. *Id.*

Viewing the evidence in a light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), there is sufficient evi-

dence to support the conviction as to counts nine, 18 U.S.C. § 1951, and ten, 18 U.S.C. § 2113(a). Of course, Yero need not have known the details of the crimes to be committed. *United States v. Ospina*, 798 F.2d 1570 (11th Cir.1986), nor need knowledge be shown by "explicit proof of expressed intention," *United States v. Grubczak*, 793 F.2d 458, 463 (2d Cir.1986); the jury may infer knowledge from the whole circumstances. *Id.* The evidence introduced at trial demonstrated that Yero had previously been given $1,500.00 for providing the principal Dominguez with three stolen cars which were to be used for a particular venture—the robbery charged in counts six, seven and eight. While Yero had assumed the cars were to be used for drug trafficking,* he became aware of the actual purpose for the vehicles when one of the stolen cars appeared on television in connection with the assault of the armored cars charged in counts six, seven and eight. He further noted Dominguez' improved financial status and expressed interest in profiting from their enterprise. In declaring his belief to Dominguez that they were involved in armored car robberies, he demanded and did receive double the price he had previously been given for providing the stolen cars to the organization. Yero was thus in possession of sufficient facts to realize and in fact did realize what crimes the organization was committing. Accordingly, the jury could infer that he knew about and formed the requisite intent to commit the armored car robbery, thus associating himself with the crimes. *United States v. Cady*, 495 F.2d 742 (8th Cir.1974); *see United States v. Morse*, 851 F.2d 1317 (11th Cir.1988). By providing the means of carrying out the robberies with the knowledge that they would be used for that purpose, he willingly participated and assisted in the crimes. He is therefore responsible as a principal. *Nye & Nissen v. United States*, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949).

■ The court finds, however, that there is insufficient evidence to support the con-

viction for armed bank robbery, 18 U.S.C. § 2113(d), which crime requires "proof of distinctive factual elements," *United States v. Jones*, 418 F.2d 818, 824 (8th Cir.1969). There was no evidence presented from which the jury could find that Yero, by any means, knew that the principal was armed or intended to use a weapon. *See Longoria*, 569 F.2d at 425. Yero cannot then be held to have aided and abetted the principal in that respect. *United States v. Pendegraph*, 791 F.2d 1462 (11th Cir.1986); *Longoria*, 569 F.2d at 425. Accordingly, it is hereby

ORDERED AND ADJUDGED that Yero's Motion for Judgment of Acquittal is DENIED as to counts nine and ten; the Motion for Judgment of Acquittal is GRANTED as to count eleven.

---

* There was insufficient evidence to prove that Yero associated himself with these crimes such that he could be held accountable as a principal.