**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis FRALEY, Defendant–Appellant.**

No. 87–1628
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1988.

---

Richard A. Damiani, Cleveland, Ohio (court-appointed), for defendant-appellant.

Marvin Collins, U.S. Atty., Dallas, Tex., Shelley A. Longmuir, Atty., Appellate Sect., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before POLITZ, KING and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Convicted by a jury of causing (1) the transportation of an explosive in interstate commerce with intent to kill or injure another, 18 U.S.C. § 844(d), (2) the mailing of nonmailable matter, 18 U.S.C. § 1716(a) and (h), and (3) the transportation in interstate commerce of an unregistered firearm, 26 U.S.C. §§ 5861 and 5871, Dennis Fraley appeals, contending that the evidence was insufficient to support the convictions. For the reasons assigned we find the evidence adequately supports the jury's verdicts and affirm.

*Background*

In 1984 Fraley met Sherrie Keith at a convenience store in Holland, Texas. Keith was a cashier at the store; Fraley delivered beer there. Within a few weeks Keith, the divorced mother of two children, moved in with Fraley, then separated from his fourth wife. In March of 1985, Fraley and Keith jointly purchased a mobile home and, joined by the two children, moved to a trailer park in Nolandville, Texas. They did not marry but continued to live together until late 1986.

While living in the trailer park Fraley met two other occupants, Linda Lou Cartwright and Mark Rice, whom he introduced to each other. A short time later Rice left the woman he was living with and moved in with Cartwright. Fraley, Keith, Cartwright, and Rice frequently socialized together. By the spring of 1986 Fraley became suspicious that a personal relationship was developing between Keith and Rice. By that time Fraley and Keith were experiencing increasing interpersonal difficulties.

In September 1986 Fraley moved to Ohio to seek a teaching job. He expected Keith to join him and regularly wrote and called her. After Fraley's departure, the relationship between Keith and Rice flowered and they decided to get married. In late October Keith told Fraley that she would not join him in Ohio. Keith and her children left the mobile home to avoid a confrontation. In early November Fraley returned to Texas to find out why Keith would not

move to Ohio. Fearful of his anger, Keith avoided Fraley, but finally met with him at the home of a friend. Fraley unsuccessfully tried to persuade Keith to return to live with him. Fraley then met with Rice and threatened him, saying "don't you know I don't have to touch you to kill you?"

Before returning to Ohio, Fraley filed drug charges against Rice. He also filed forgery charges against Keith for cashing one of his pension checks. Keith testified that she did so with his authorization in order to pay trailer and living expenses during his absence.

On November 8, 1986, Fraley wrote Keith, professed his love and then added: "I will never let you get away with it. Any of it ... I really don't think you believe that I will do anything, but, you're wrong." He sent a copy of this letter to Keith's mother.

On November 21, 1986, Fraley wrote a letter to Rice's parents, telling them about how their son and Keith had betrayed him and about the couple's involvement with drugs.

On November 29, 1986 Keith and Rice were married and established a home at Five Hills Apartments in Cooperas Grove, Texas. In January 1987 Cartwright informed Fraley of this address.

In February 1987 Fraley visited his friend Charles Roberts at Roberts' farm near Gallipolis, Ohio. They drove to nearby Point Pleasant, West Virginia where Fraley purchased several items from a hardware store and then had Roberts purchase a quantity of gunpowder, ostensibly for reloading shells. After their return to Roberts' farm, Roberts saw a three-foot wooden dowel pin and a package containing pieces of 2" pipe, eight inches in length and capped at both ends, in Fraley's car.

The following week Fraley returned to visit Roberts, purportedly to work on an old bus he had stored on the farm. Fraley asked Roberts to cut a piece of plywood and a wooden dowel for him. Roberts complied, but when he saw that Fraley was in the process of building a bomb he ordered Fraley off the farm.

On the earlier visit to Roberts' farm, Fraley had asked Dawn Ross, who was staying there, to address a mail label for him. Following Fraley's instructions, Ross addressed the label to "Mrs. Sherrie Rice" (the former Sherrie Keith) at her Cooperas Grove home and listed the sender as "Mrs. George Rice," Rice's mother, Shinnston, West Virginia. Ross did not know and had not met either woman.

On February 21, 1987, a mail bomb exploded in the U.S. Postal Sorting Center in Dallas, Texas. The label from the package was retrieved. It was addressed to Mrs. Sherrie Rice, Cooperas Grove, Texas, and identified the sender as Mrs. George Rice, Shinnston, West Virginia. It was stipulated that Dawn Ross had addressed the label. The bomb package had been put in the mail on February 17, 1987 at the Shinnston post office. Fragments of the materials were identified as being similar to the materials Roberts saw in Fraley's auto after their trip to Point Pleasant, West Virginia, and to materials retrieved from Fraley's vehicle. Roberts also identified the plywood and dowel used in the bomb as the pieces he had cut at Fraley's request before he realized what Fraley was fashioning. When arrested, Fraley had the address of Rice's parents in his wallet.

Fraley advanced an alibi defense, offering two witnesses, his mother and his fiancee, who testified that he was with them most of the day on February 17, 1987. The post office at Shinnston was approximately 180 miles from Fraley's residence in Ohio. In addition, Fraley pointed the finger at Roberts as the perpetrator. Roberts and Sherrie Rice testified that they did not know each other and that their only link was Fraley.

*Analysis*

Fraley challenges the sufficiency of the evidence, specifically, that he caused the bomb to be placed in the mail, or that he had the intent to injure or kill Keith. In assessing such a challenge, this court must view the evidence, and all reasonable inferences to be drawn therefrom, in the light most favorable to the government. *Glas-*

*ser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Beason,* 690 F.2d 439 (5th Cir.1982) *cert. denied,* 459 U.S. 1177, 103 S.Ct. 828, 74 L.Ed.2d 1023 (1983). We will not reverse a conviction if a jury reasonably could have found that all essential elements of the crime charged were proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Bell,* 678 F.2d 547 (5th Cir. Unit B 1982) (en banc), *aff'd. on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). The test for reviewing the sufficiency of circumstantial evidence is the same as that for reviewing direct evidence. *United States v. DeJean,* 613 F.2d 1356 (5th Cir.) *cert. denied,* 446 U.S. 945, 100 S.Ct. 2173, 64 L.Ed.2d 801 (1980).

 Fraley contends that the evidence is insufficient for the jury to have concluded beyond a reasonable doubt that he caused the bomb to be placed in the mail. We are not persuaded. Each count also charged a violation of 18 U.S.C. § 2. Thus, it was not necessary that the government prove Fraley physically deposited the bomb in the mail. It sufficed for the prosecution to prove that Fraley caused it to be done by another, even by a person whose identity was not established. *United States v. Pearson,* 655 F.2d 569, 570–71 (5th Cir. Unit B 1981), clarified, 667 F.2d 12 (5th Cir. Unit B 1982). Sufficient circumstantial evidence was presented from which the jury could infer that Fraley caused someone to mail the bomb. The same applies to the intent issue.

■ Fraley next contends that in instructing the jury on 18 U.S.C. § 2, the court shifted the burden of proof to the defense. The court advised the jury:

Title 18, United States Code, Section 2(b), provides in pertinent part as follows:

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

Thus, the guilt of a defendant may be established without proof that he personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another as his agent. So, if the acts or conduct of an employee or other agent are willfully ordered or directed, or willfully authorized or consented to by the accused, then the law holds the accused responsible for such acts or conduct, the same as if personally done by the accused.

This charge is a correct statement of the law and does not shift the burden of proof to the defendant. Fraley's contention to the contrary is without merit.

The factual scenario set forth above, which the jury was entitled to credit, adequately supports its verdicts on all three counts. Albeit circumstantial, if believed by the jury, as it obviously was, the evidence suffices to establish the causing to be mailed and intent elements challenged by Fraley.

The convictions are AFFIRMED.