# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2506

_____

| | | |
|---|---|---|
| Rory Allen Gregory, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United States of America, | * | Western District of Arkansas. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: August 25, 2000
Filed: August 31, 2000

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

An indictment charged Rory Allen Gregory and a co-defendant with aiding and abetting each other in attempting to manufacture methamphetamine and methcathinone, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994) and 18 U.S.C. § 2 (1994). After Gregory pleaded guilty to attempting to manufacture methcathinone, this court affirmed his conviction and sentence, rejecting his challenge to the drug-quantity determination. See United States v. Gregory, No. 96-3191, 1997 WL 7520 (8th Cir. Jan. 10, 1997) (unpublished per curiam). Gregory then filed a motion under 28 U.S.C. § 2255 (Supp.

IV 1998), and the District Court,[1] after an evidentiary hearing, denied his many grounds for relief, but granted Gregory a certificate of appealability as to one issue:  whether Gregory's conviction upon his guilty plea as a principal, when the indictment included aiding and abetting language, was in violation of his constitutional rights.  Having carefully reviewed the record and the parties' submissions on appeal, we affirm the judgment of the District Court. See United States v. Johnson, 934 F.2d 936, 941 (8th Cir. 1991) (discussing constructive amendment of indictment); United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986) (explaining that § 2 does not create separate offense; it simply makes those who aid and abet in crime punishable as principals); United States v. Pearson, 667 F.2d 12, 14 (5th Cir. Unit B 1982) (per curiam) (concluding that because all indictments for substantive offenses must be read as if alternative provided by § 2 were embodied in it, words "aided and abetted each by the other" in indictment were wholly extraneous).  We deny Gregory's request, set forth in his appellate brief, to issue a certificate of appealability as to his argument that the district court lacked jurisdiction to sentence him.

      A true copy.

      Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.