United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10599
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL ESTRADA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-200-1-G
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Victor Manuel Estrada of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  On appeal he challenges the sufficiency of the evidence.  Estrada argues that the evidence was insufficient to: (1) establish that he had guilty knowledge, (2) establish that he had possession of the drugs, (3) support his conviction under a theory of aiding and abetting, and (4)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support a finding of the quantity of drugs alleged in the indictment.

Estrada's implausible and inconsistent stories support a finding that he had guilty knowledge about the existence of the methamphetamine. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). Additionally, the evidence established that Estrada had actual possession of at least a portion of those drugs. See United States v. Randall, 887 F.2d 1262, 1268 (5th Cir. 1989). Estrada concedes that the quantity of drugs contained in the package, before being intercepted by the United States Postal Service, was such that intent to distribute could be inferred. See United States v. Vergara, 687 F.2d 57, 62 (5th Cir. 1982).

The evidence adduced by the Government also established that someone mailed a package containing almost five kilograms of methamphetamine to a Dallas, Texas, address and that Estrada knowingly took possession of the package after it was delivered in order to further aid in the distribution of the drugs. Thus, the evidence was sufficient to support a conviction for possession with intent to distribute methamphetamine under a theory of aiding and abetting. See United States v. Pearson, 667 F.2d 12, 13-14 (5th Cir. 1982); United States v. Gourley, 168 F.3d 165, 169 (5th Cir. 1999). Under a theory of aiding and abetting, the entire amount of the drugs involved in the offense may be attributed to Estrada. See United States v. Gonzales, 121

F.3d 928, 936 (5th Cir. 1997).  Accordingly, the conviction is

AFFIRMED.