United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50891
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

NIXAI NORAJ, also known as Nixai Nora

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-5-4
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Nixai Noraj appeals from his conviction of possession of MDMA (ecstasy) with intent to distribute and aiding and abetting. He contends that the evidence was insufficient to support his conviction.

The evidence indicated that Chanathasoune Sonesourinhasack (Chan) solicited Noraj for a lengthy taxi ride from Dallas to Odessa, Texas, and that Chansavan Sonesourinhasack (Lou) told Noraj that the purpose of the trip was to deliver drugs. Noraj drove Chan and Lou from Dallas to Odessa in return for a promised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

payment once the drugs were delivered.  Noraj was familiar with ecstasy, having used the drug on four or five occasions, and he was present when Chan gave Lou ten ecstasy pills from a large bag of ecstasy pills during the drive to Odessa.  Morever, Noraj used methamphetamine on the trip.

The jury could have inferred from the evidence that Chan possessed ecstasy with the intent to distribute it.  See United States v. Gourley, 168 F.3d 165, 169 (5th Cir. 1999).  The jury could have inferred from the evidence that Noraj associated himself with Chan's drug-trafficking venture and that he participated in the venture and sought to make it succeed by driving Chan and Lou to Odessa in return for the promised payment.  See United States v. Pearson, 667 F.2d 12, 14 (5th Cir. 1982).  The evidence was sufficient to support Noraj's conviction.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

AFFIRMED.