**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10914
Conference Calendar

NATIVIDAD SILVA, JR

                              Petitioner-Appellant

v.

DAN BERKEBILE, Warden

                              Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1240

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In January 1993, Natividad Silva, Jr., now federal prisoner # 23368-077, was convicted by guilty plea for robbery affecting commerce in Counts 1, 2, 3, and 5 and for possession of a firearm during a crime of violence in Counts 4 and 6. He was sentenced to concurrent 97-month terms of imprisonment on Counts 1, 2, 3, and 5; a consecutive 60 month-term of imprisonment on Count 4; and a consecutive 240-month term of imprisonment on Count 6. He appeals from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. This court reviews a district court's dismissal on the pleadings of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

In Count 6, Silva and Jesus Silva (hereinafter referred to as Jesus) were charged with knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1). Silva concedes that the record established that he robbed an armored truck with the use of a firearm and that Jesus provided him with transportation to and from the scene of the crime. Silva argues that, in light of *Bailey v. United States*, 516 U.S. 137 (1995), Jesus should not have been convicted of using or carrying a firearm in violation of § 924(c)(1). Silva concludes that he could not have been convicted of aiding or abetting Jesus's violation of § 924(c)(1) and that he is therefore actually innocent of Count 6.

When a defendant is charged as both a principal and as an aider or abettor, the principal need not be identified and the defendant may be convicted as either a principal or an aider or abettor. *United States v. Pearson*, 655 F.2d 569, 570-71 (5th Cir. 1981). As Silva failed to show that he was actually innocent of Count 6, he did not meet the "savings clause" of 28 U.S.C. § 2255(e) by showing that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

Silva's appeal is without arguable merit and therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Silva is warned that further frivolous filings will result in the imposition of sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.